IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **TIMOTHY ALLEN JONES**, | Case Number 3:12 CV 1034 |
| Petitioner, | Judge John R. Adams |
| v. | REPORT AND RECOMMENDATION |
| **JASON BUNTING, Warden** | |
| Respondent. | Magistrate Judge James R. Knepp II |

### INTRODUCTION

This is an action initiated by *pro se* Petitioner Timothy Allen Jones, a prisoner in state custody, seeking a writ of habeas corpus under 28 U.S.C. § 2254 ("Petition") (Doc. 2). Respondent Warden Jason Bunting filed a Return of Writ (Doc. 4). Petitioner responded to the Return of Writ (Doc. 9), Respondent replied (Doc. 10), and Petitioner filed a final response (Doc. 11). The district court has jurisdiction over the Petition under § 2254(a). This matter has been referred to the undersigned for a Report and Recommendation pursuant to Local Rule 72.2(b)(2). (Non-document entry dated June 28, 2012). For the reasons discussed below, the undersigned recommends the Petition be denied and dismissed.

### FACTUAL BACKGROUND

For purposes of habeas corpus review of state court decisions, findings of fact made by a state court are presumed correct and can only be contravened if the habeas petitioner shows, by clear and convincing evidence, that the state court's factual findings were erroneous. § 2254(e)(1); *Moore v. Mitchell*, 708 F.3d 760, 775 (6th Cir. 2013); *Mitzel v. Tate*, 267 F.3d 524, 530 (6th Cir. 2001). This presumption of correctness applies to factual findings made by a state court of appeals based on the state trial court record. *Mitzel*, 267 F.3d at 530. Ohio's Third District Court of Appeals set

forth the following findings of fact:

> **[*P2]** The facts giving rise to this case took place at the Multi-County Correctional Center in Marion, Ohio. In February 2009, Jones was placed in the Multi-County Correctional Center while he awaited trial on charges stemming from a separate incident from this case. Inmate Joshua Criswell ("Criswell") was also residing in the jail at this time due to his convictions on charges unrelated to the instant case.
>
> **[*P3]** On April 8, 2009, at approximately 9:30 p.m., a physical altercation occurred between Jones and Criswell over an item of commissary that Jones claimed Criswell owed to him. The fight occurred outside Criswell's cell. One of the surveillance cameras in the jail captured the episode. The recording depicted Jones engaging Criswell in the fight by taunting him, then shoving forcefully and punching him. After the first punch, Criswell fell to the floor. It was evident from the recording that Jones dispensed multiple punches and kicks in the direction of Criswell's body which was positioned on the floor. However, the camera was unable to capture the actual contact blows that Jones made with Criswell's body because the camera had a partially obstructed view of the location where the fight occurred. After about twenty seconds, another inmate stepped-in to break-up the fight. Jones returned to the location where he was standing before the altercation. However, the recording clearly depicts that it took Criswell some additional time to collect himself and stand up before returning to his cell.
>
> **[*P4]** Approximately one hour later, at 10:30 p.m., Criswell complained to the Corrections Officer on duty that he was experiencing stomach pains. When asked about the cause of his pain, Criswell initially stated that he fell out of his bunk, claiming that he did not want to reveal the altercation with Jones to the jail authorities. After the Corrections Officer continued to express her disbelief with his story, Criswell eventually disclosed the incident with Jones. Criswell was taken to the medical unit in the jail for observation and to be examined by the nurse, Rita Bader, when she arrived on duty in the morning.
>
> **[*P5]** Nurse Bader arrived the next day around 8:00 a.m. and examined Criswell who continued to complain of stomach pains. Bader's initial examination did not detect any irregularities with Criswell's body; however she continued to monitor his condition throughout the morning. Criswell's complaints about his stomach pains did not abate. Criswell complained that the pain had spread from his stomach to his shoulder. After performing a subsequent examination, Bader noticed that Criswell's abdomen appeared distended.
>
> **[*P6]** Upon this change in his condition, Criswell was sent to the Morrow County Hospital where the emergency room physician examined him and ordered a CAT scan to be performed on his chest and abdomen. The CAT scan revealed that Criswell was bleeding internally. Criswell was "MedFlighted" to Grant Medical

Center in Columbus where it was determined that he suffered from a ruptured spleen. Emergency surgery was performed and over a liter of blood was removed from Criswell's stomach. Criswell remained hospitalized for a significant time following the surgery.

[*P7] The video recording of the altercation between Jones and Criswell was retrieved and viewed by the jail authorities. The recording confirmed that Jones was Criswell's assailant in the fight. After an internal investigation, Jones was disciplined and given sixty days of lockdown and loss of visits and commissary.

[*P8] The Marion Police Department also conducted an investigation of the incident. On April 16, 2009, Jones was indicted on one charge of felonious assault in violation of *R.C. 2903.11(A)(1)*, a second degree felony. On April 30, 2009, the indictment was amended to add a specification to designate Jones as a repeat violent offender pursuant to *R.C. 2929.14(D)(2)* and *R.C. 2941.149*. The parties stipulated to a bifurcated adjudication of the felonious assault charge and the repeat violent offender specification.

[*P9] On September 24 and 25, 2009, the felonious assault charge was tried before a jury. Several witnesses testified including Jones, Criswell, Nurse Bader and the Morrow County Hospital emergency room doctor who examined Criswell. At the close of the evidence, the jury found Jones guilty of felonious assault.

[*P10] On December 30, 2009, the specification to designate Jones as a repeat violent offender was tried before the bench. After considering the evidence before it, the trial court found Jones to be a repeat violent offender and proceeded with sentencing which was journalized in its January 11, 2010 Judgment Entry. The court sentenced Jones to a prison term of eight years on the felonious assault conviction and an additional four years for Jones' designation as a repeat violent offender, for a total of twelve years. The trial court also advised Jones that he was sentenced to a mandatory term of three years of post-release control.

(Doc. 4-1, Ex. 23).

## PROCEDURAL BACKGROUND

**State Trial Court**

The 2009 Term of the Marion County Grand Jury indicted Petitioner on one count of felonious assault pursuant to Ohio Revised Code § 2903.11(A)(1) with a repeat violent offender specification; one count of domestic violence, § 2919.25(A); and one count of kidnapping, §

3

2905.01(B)(2). (Doc. 4-1, Ex. 2). On April 16, 2009, a supplemental indictment was filed charging Petitioner with an additional count of felonious assault, § 2903.11(A)(1). (Doc. 4-1. Ex. 4). On April 30, 2009, an amended supplemental indictment was filed adding a repeat violent offender specification to the April 16, 2009 indictment. (Doc. 4-1, Ex. 7). Petitioner pleaded not guilty to all counts in the indictments. (Doc. 4-1, Ex. 2, 5, 7).

Subsequently, the state trial court granted the state's motion to dismiss the counts in the initial indictment. (Doc. 4-1, Ex. 10). On August 6, 2009, a second amended supplemental indictment was issued charging Petitioner with felonious assault with a repeat violent offender specification, § 2903.11(A)(1). (Doc. 4-1, Ex. 11). Petitioner also pleaded not guilty to the charges in this indictment. (Doc. 4-1, 12). On September 2, 2009, Petitioner filed a motion to dismiss based upon violations of his due process rights under the Fifth and Fourteenth Amendments (Doc. 4-1, Ex. 13), which the state trial court denied (Doc. 4-1, Ex. 15).

Petitioner waived his right to a jury trial with respect to the violent offender specification. (Doc. 4-1, Ex. 21). The case proceeded to a jury trial on the felonious assault count. On September 25, 2009, a jury found Petitioner guilty of felonious assault. (Doc. 4-1, Ex. 17). Petitioner was later found guilty of the repeat violent offender specification after a bench trial. (Doc. 4-1, Ex. 21).

Prior to sentencing, Petitioner filed a motion for new trial, subsequently amended, pursuant to Ohio Crim. R. 33. (Doc. 4-1, Ex. 18, 20). The motion was not well-taken and overruled. (Doc. 4-1, Ex. 21). On January 11, 2010, Petitioner was sentenced to an aggregate term of twelve years, to be served consecutive to a one year sentence he was serving on a pre-existing case. (Doc. 4-1, Ex. 21).

**Direct Appeal**

On February 5, 2010, Petitioner, represented by new counsel, filed a notice of appeal in the Third District Court of Appeals. (Doc. 4-1, Ex. 22). Petitioner raised the following assignments of error:

1. THE RECORD CONTAINS INSUFFICIENT EVIDENCE TO SUPPORT DEFENDANT-APPELLANT'S CONVICTION ON THE REPEAT VIOLENT OFFENDER SPECIFICATION.

2. DEFENDANT-APPELLANT'S CONVICTION FOR FELONIOUS ASSAULT IS CONTRARY TO THE MANIFEST WEIGHT OF THE EVIDENCE.

3. THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT BY ALLOWING THE PROSECUTOR TO CROSS EXAMINE HIM ABOUT A PREVIOUS FELONY

(Doc. 4-1, Ex. 23). The state filed its brief (Doc. 4-1, Ex. 24) and Petitioner responded (Doc. 4-1, Ex. 25). Petitioner then filed a *pro se* supplemental brief, presenting the following additional assignments of error:

4. THE DEFENDANT-APPELLANT'S CONVICTION WAS OBTAINED BY FALSE AND MISLEADING TESTIMONY BY THE STATE'S WITNESS JOSHUA CHRISWELL WHICH WAS KNOWN BY THE STATE TO BE FALSE.

5. DEFENDANT-APPELLANT'S TRIAL COUNSEL, ATTORNEY JON DOYLE WAS INEFFECTIVE AS COUNSEL IN THAT HE FAILED TO EXAMINE THE MEDICAL RECORDS FROM THE MULTI COUNTY JAIL BELONGING TO JOSHUA CHRISWELL AND TO HAVE THEM ADMITTED AS EVIDENCE.

6. THE TRIAL COURT ERRED WHEN IT FOUND THE APPELLANT GUILTY OF BEING A REPEAT VIOLENT OFFENDER PURSUANT TO R.C. §2929.14(D)(2), R.C. §2949.141 AND R.C. §2929.01(C) AS CONTAINED IN HIS INDICTMENT.

7. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED THE DEFENDANT-APPELLANT'S MOTION FOR EXPERT WITNESS

AND EXTRAORDINARY FUNDS.

(Doc. 4-1, Ex. 25). On October 4, 2010, the court of appeals issued an opinion overruling each assignment of error and affirming the judgment of the trial court. (Doc. 4-1, Ex. 26).

On November 23, 2010, Petitioner filed a *pro se* notice of appeal and a motion for leave to file a delayed appeal in the Ohio Supreme Court. (Doc. 4-1, Ex. 27, 28). On January 19, 2011, Petitioner's motion for leave was granted and he was ordered to file his brief within thirty days. (Doc. 4-1, Ex. 29). On February 24, 2011, the Ohio Supreme Court dismissed the appeal for failure to prosecute. (Doc. 4-1, Ex. 30).

**Post Conviction Petition**

Meanwhile, on June 23, 2010, Petitioner filed a *pro se* petition for postconviction relief alleging ineffective assistance of trial counsel for failure to retrieve a video from the jail and failure to subpoena medical records. (Doc. 4-1, Ex. 31). After two amendments by Petitioner (Doc. 4-1, Ex. 32, 33) and opposition from the state (Doc. 4-1, Ex. 34), the trial court denied the petition on February 10, 2011(Doc. 4-1, Ex. 35).

On March 17, 2011, Petitioner filed a notice of appeal and presented the following assignments of error to the court of appeals:

1. ATTORNEY JAVIER ARMENGAU WAS INEFFECTIVE AS COUNSEL IN THAT HE REFUSED TO OBTAIN AND SECURE VIDEO EVIDENCE FROM THE SECURITY CAMERA SYSTEM AT THE MULTI COUNTY CORRECTIONAL CENTER OF THE ALLEGED VICTIM JOSHUA CHRISWELL BODY PUNCHING WITH AND BEING ASSAULTED BY OTHER INMATES IN THE DAYS PRIOR TO THE INCIDENT INVOLVING THE APPELLANT.

2. PROSECUTING ATTORNEY BRENT YAGER FAILED TO PRESERVE EXCULPATORY EVIDENCE OR, IN BAD FAITH, FAILED TO PRESERVE FOR TRIAL POTENTIALLY USEFUL EVIDENCE AND DISCLOSE IT TO THE APPELLANT AFTER HE WAS MADE FULLY

>
> AWARE OF ITS EXISTENCE.
>
> 3. ATTORNEY JON DOYLE WAS INEFFECTIVE AS COUNSEL IN THAT HE (A) FAILED THROUGH THE PROCESS OF DISCOVERY, TO OBTAIN THE MEDICAL RECORDS OF JOSHUA CHRISWELL FROM THE MULTI COUNTY CORRECTIONAL CENTER. (B) FILED TO DISCOVER THAT JOSHUA CHRISWELL WAS, INFACT, BEING TREATED BY THE DOCTOR AT THE MULTICOUNTY CORRECTIONAL CENTER FOR A STOMACH PROBLEM ONE DAY PRIOR TO THE ALLEGED ASSAULT BY THE APPELLANT AND (C) FAILED TO SUBPOENA THE DOCTOR FROM THE MULTI COUNTY CORRECTIONAL CENTER WHO TREATED JOSHUA CHRISWELL FOR A STOMACH PROBLEM AS A WITNESS FOR THE APPELLANT.

(Doc. 4-1, Ex. 37). The state filed a response (Doc. 4-1, Ex. 38) and Petitioner replied (Doc. 4-1, Ex. 39). On December 5, 2011, the court of appeals overruled the assignments of error and affirmed the judgment of the trial court. (Doc. 4-1, Ex. 40). Petitioner did not appeal to the Ohio Supreme Court.

## FEDERAL HABEAS CORPUS

On April 27, 2010, Petitioner filed the instant Petition asserting the following grounds for relief:

> **Ground One**: Conviction obtained in violation of sufficiency of the evidence to support a conviction.
> **Supporting Facts**: The Court of appeals decision to convict petitioner of Repeat Violation Specification was in err, as the document the State relied upon was insufficient to support that conviction.
>
> **Ground Two:** Conviction for felonious assault is Contrary to the Manifest Weight Standard of evidence.
> **Supporting Facts:** Petitioner argues that the record demonstrates that there is not enough evidence to support his conviction for felonious assault; the record demonstrates that Petitioner could not have created the injuries the victim sustained during the altercation with Petitioner. The Court of Appeals for the Third Appellate court erred by affirming Petitioner's conviction against his constitutional right to due process protections provided by the Sixth Amendment of the Constitution. Petitioner asserts the video tape support his grounds for relief that Petitioner did not create the injuries in this case. Wherefore, his conviction is against the manifest weight of the evidence.

7

**Ground Three:** Conviction obtained by prosecution misconduct at trial.
**Supporting Facts:** Petitioner asserts that the State Prosecutor in this present case committed prosecutor misconduct several times during trial; (1) the State Prosecutor knew or should have known that the State's witness testimony at trial was false and misleading; furthermore, the prosecutor committed err by cross examining Petitioner about a previous felony conviction at trial.

**Ground Four:** Denial of effective assistance of counsel at trial.
**Supporting Facts:** Petitioner was denied protections of effective assistance of counsel as trial for cumulative errors trial counsel committed during Petitioner's trial. At trial Petitioner's counsel failed to examine medical records from the Multi County Jail and to have them admitted as evidence. Petitioner asserts that he had a right to effective assistance of counsel; Petitioner asserts additionally that his counsel at trial rendered ineffective assistance of counsel by failing properly prepare for Petitioner's trial.

**Ground Five:** Trial court abuse of discretion during Petitioner's trial.
**Supporting Facts:** Petitioner asserts that the trial judge in his cases, erred by denying his motion for expert witness and extraordinary funds to allow Petitioner to put on a fair defenses; trial court also erred when it found Petitioner guilty of repeat violent offender specification. The trial court failed to allow Petitioner opportunity to obtain records in a timely fashion, which violated Petitioner's right to a fair trial.

**Ground Six:** Denial of right to appeal.
**Supporting Facts:** Appeal counsel failing to raise ineffectiveness of trial counsel for failing to raise and/or object to reversible error. And appeal counsel failed to protect Petitioner's appeal right by failing to assist the Petitioner in the claims he wished to raise which left the Petitioner representing himself via supplemental brief which appeal counsel further failed to support thereto.

(Doc. 2; *see also* Doc. 2-1).

## JURISDICTIONAL ISSUES

Before a state prisoner may seek a writ of habeas corpus in federal court pursuant to 28 U.S.C. § 2254, he must exhaust his state court remedies by fairly presenting all of his constitutional claims to the highest state court, and to all appropriate state courts prior to that, so the state is given the opportunity to pass upon and correct alleged violations of its prisoner's federal rights. 28 U.S.C. § 2254(b) and (c); *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999).

If a petitioner fails to fairly present his claims through the state courts, and if no avenue of relief remains open or if it would otherwise be futile for the petitioner to continue to pursue his claims in the state courts, the petition is subject to dismissal with prejudice on the ground that the petitioner has waived his claims for habeas corpus relief.  *See Harris v. Reed*, 489 U.S. 255, 260–62 (1989); *McBee v. Grant*, 763 F.2d 811, 813 (6th Cir. 1985); *see also Weaver v. Foltz*, 888 F.2d 1097, 1099 (6th Cir. 1989). A petitioner can overcome waiver if he presents cause for the default and demonstrates actual prejudice from the constitutional error. *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Sawyer v. Whitley*, 505 U.S. 333, 338 (1992).

Generally, a default in state court occurs when the last "reasoned state judgment rejecting a federal claim" makes a plain statement of such a state procedural default. *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991). However, no statement is necessary if the relevant issues were not presented at all to the state courts. *Harris*, 489 U.S. at 263, n. 9. "The mere existence of a basis for a state procedural bar does not deprive [federal courts] of jurisdiction; the state court must actually have relied on the procedural bar as an independent basis for its disposition of the case." *Bowling v. Parker*, 344 F.3d 487, 498 (6th Cir. 2003) (quoting *Caldwell v. Mississippi*, 472 U.S. 320, 327 (1985)); *see also Coleman v. Thompson*, 501 U.S. 722, 735 (1991) (holding the last state court rendering a reasoned judgment must "clearly and expressly" state its judgment rests on a procedural bar for procedural default to apply).

The Sixth Circuit applies a four-part test to determine whether a petitioner's grounds for relief are procedurally defaulted:

1) whether the petitioner failed to comply with an applicable state procedural rule;

2) whether the state courts actually enforced the state procedural sanction;

9

>3) whether the procedural bar is an "adequate and independent" state ground on which the state can foreclose federal review;

>4) if the above are met, whether the petitioner has demonstrated "cause" and "prejudice".

*Williams v. Coyle*, 260 F.3d 684, 693 (6th Cir. 2001) (citing *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986) (internal citations omitted)).

Where a state court is silent as to its reason for denying a claim, the Sixth Circuit applies a presumption that the state court "would not have ignored its own procedural rules and would have enforced the procedural bar." *Simpson v. Sparkman*, 94 F.3d 199, 203 (6th Cir. 1996) (declining to interpret the state appellate court's silence as a decision on the merits of the petitioner's due process claim and instead assuming the court was enforcing the procedural bar).

In Ground One, Petitioner challenges the sufficiency of the evidence regarding his conviction for the repeat violent offender specification. (Doc. 2). Petitioner alleged this argument on direct appeal, but failed to raise it to the Ohio Supreme Court. (Doc. 4-1, Ex. 23, 30). Petitioner's delayed appeal was accepted by the Ohio Supreme Court and he was granted 30 days to file a memorandum in support of jurisdiction, due February 18, 2011. (Doc. 4-1, Ex. 29, 30). Indeed, Petitioner did send a memorandum in support to the Ohio Supreme Court before February 18, 2011.[1] However, on February 15, 2011, the Ohio Supreme Court rejected the memorandum because it did not include a copy of the court of appeals opinion or judgment entry, included extraneous attachments, and did

---

1. Petitioner referenced his attempts at filing his memorandum with the Ohio Supreme Court as Exhibits 11-24 to his Traverse. (Doc. 9-3). However, these exhibits were not attached to his Traverse. The Court, out of an abundance of caution, requested the correspondence referencing the rejection of Petitioner's memorandum of support from the Ohio Supreme Court. This letter is attached hereto as Appendix 1.

10

not provide a case number, all of which violated the Ohio Supreme Court Rules of Practice.[2] (Appendix 1). Under Rule 14.1(A)(1) of the Rules of Practice, "filing" includes both receipt and compliance with Ohio Supreme Court rules. As such, Petitioner's brief was never filed and the Ohio Supreme Court dismissed the appeal for failure to prosecute. (Doc. 4-1, Ex. 30). Dismissal based on failure to file the memorandum in support of jurisdiction is an adequate and independent procedural rule that is grounds for default. *Grant v. Sheldon*, 2012 WL 3495397, at *11, *affirmed and adopted*, 2012 WL 3494194 (N.D. Ohio 2012) (dismissal of petitioner's delayed appeal for failure to file a memorandum in support constitutes a procedural ruling that bars federal review on the merits).

A petitioner can show cause for the default if he proves "some objective factor external to the defense impeded [the defense] counsel's efforts to comply with the State's procedural rule." *Coleman v. Thomas,* 501 U.S. 722, 753 (1991). First, Petitioner argues ineffective appellate counsel was cause for the default. (Doc. 9, at 4). However, Petitioner had no right to counsel before the Ohio Supreme Court, and a litigant's *pro se* status will not qualify as cause. *Bonilla v. Hurley*, 370 F.3d 494, 498 (6th Cir. 2004). Second, any failure by Petitioner's appellate counsel to notify him of the result of his direct appeal was cured when the Ohio Supreme Court agreed to accept Petitioner's motion for delayed appeal and granted him 30 days to file a memorandum in support. (Doc. 4-1, Ex. 29).

Petitioner also argues his "diligent and sincere efforts to prosecute his claims in the Ohio

---

2. Petitioner briefly argues his memorandum was timely under Ohio App. R. 14(C). (Doc. 9). However, that rule is not applicable before the Ohio Supreme Court. The Rules of Practice of the Ohio Supreme Court do not provide for an additional three days to respond to a document that was served by mail.

11

Supreme Court" is cause to excuse default. (Doc. 9, at 9). Specifically, Petitioner asserts that he, in fact, timely appealed to the Ohio Supreme Court but it was returned to him for technical reasons. However, ignorance of the law and procedural requirements for filing a timely appeal is insufficient to establish cause to excuse his procedural default. *Bonilla*, 370 F.3d at 498. Further, at least one court in the Sixth Circuit has found that a memorandum in support received by the Ohio Supreme Court but returned for technical errors, eventually resulting in untimely compliance, was not grounds for cause. *Harris v. Warden*, 832 F.Supp 2d. 873, 885 (S.D. Ohio 2011) (cause did not exist when claimant timely appealed but the appeal was returned to him because he exceeded the page limit, failed to include required information about judgment being appealed, failed to attach a copy of court of appeals judgment, and he had sufficient time to correct his errors). In addition, no cause was found when the Ohio Supreme Court refused to accept a petitioner's notice of appeal, despite his persistence, when he failed to comply with Ohio Supreme Court procedural requirements. *Scott v. Brunsman,* 694 F.Supp.2d 771, 780 (N.D. Ohio 2010)

The undersigned considered Petitioner's *pro se* status and the amount of time available to correct his technical errors. However, the undersigned believes Petitioner fails to surmount the procedural default doctrine given that the Sixth Circuit has held lack of counsel on appeal to the Ohio Supreme Court, lack of trial transcript, unfamiliarity with the English language, failure to comply with technical requirements, and short time for legal research in prison do not establish cause to overcome procedural default. *Id.*; *see also Bonilla*, 370 F.3d at 498.

Important here, Petitioner must show something beyond his control prevented him from filing a memorandum in support. However, filing a memorandum that complied with the Ohio Supreme Court Rules of Practice was not out of his control; rather, it was entirely within his control.

*Maples v. Stegall,* 340 F.3d 433, 438 (6th Cir. 2003) ("[C]ause [for procedural default] must be something external to the petitioner, something that cannot fairly be attributed to him."). In addition, as noted above, failure to comply with a state procedural rule is a firmly established rule that is grounds for dismissal. *See James v. Warden*, 2007 WL 2326867 ("Dismissals for failure to comply with a court order and for want of prosecution involve a firmly established and regularly followed practice utilized by all courts, not only the courts of Ohio.") (internal quotations omitted); *see also Scott,* 694 F.Supp.2d at 780 ("The clerk of the supreme court will refuse to file a notice of appeal that fails to comply with the procedural requirements. . . .This failure does not constitute cause sufficient to warrant review.").

Because Petitioner was unsuccessful in demonstrating cause, the undersigned does not address whether Petitioner was "actually prejudiced" as a result of the alleged violation of federal law. *Scott*, 694 F.Supp.2d at 781. Accordingly, Petitioner's claim in Ground One is procedurally defaulted.

In Ground Two, Petitioner argues his conviction for felonious assault was not based on the manifest weight of the evidence. He made this claim on direct appeal before the state appellate court (Doc. 4-1. Ex. 23). Again, Petitioner never raised this claim before the Ohio Supreme Court because he failed to file a memorandum in support of jurisdiction. Because the undersigned finds there was not cause for the procedural default, it is also barred from review.

In Ground Three, Petitioner raises three claims of prosecutorial misconduct. In sub-claim one, Petitioner argues the prosecutor knowingly relied on perjured testimony, and in sub-claim three, Petitioner claims the prosecutor violated Ohio Evid. R. 609(A)(2) for inquiring about a prior conviction. (Doc. 1-1, at 5). Sub-claim one was presented in Petitioner's supplemental brief on direct

13

appeal. (Doc. 4-1, Ex. 25). Sub-claim three was presented in Petitioner's main brief on direct appeal. (Doc. 4-1, Ex. 23). However, these claims are defaulted for the same reasons as Grounds One and Two due to Petitioner's failure to properly appeal to the Ohio Supreme Court.

In sub-claim two of Ground Three, Petitioner alleges the prosecutor failed to preserve exculpatory evidence in the form of a jail surveillance video. (Doc. 1-1, at 6). Petitioner initially raised this claim in the amendment to his postconviction petition. (Doc. 4-1, Ex. 33). The state trial court dismissed this claim due to res judicata. (Doc. 4-1, Ex. 35). Petitioner then raised this claim to the court of appeals, which affirmed the state trial court's dismissal. (Doc. 4-1, at 40). Petitioner did not appeal to the Ohio Supreme Court. As stated regarding Ground One, a petitioner must exhaust his claims to the state's highest court. Here, Petitioner has not done so, therefore his claim is waived for purposes of federal habeas review. Petitioner has not alleged cause for failing to file a postconviction appeal to the Ohio Supreme Court, and the Court does not find any.

In Ground Four, Petitioner alleges ineffective assistance of counsel for three reasons. In sub-claim one, he claims trial counsel was ineffective for not acquiring a jail surveillance tape. (Doc. 1-1, at 10). In sub-claim two, Petitioner claims his trial counsel was ineffective for failing to subpoena his treating physician or obtain the victim's medical records. (Doc. 1-1, at 11-12). In sub-claim three, for failing to review the medical file. (Doc. 1-1, at 11-12).

Sub-claim one of Ground Four was presented in Petitioner's postconviction petition (Doc. 4-1, Ex. 31), and in his appeal when his postconviction petition was denied (Doc. 4-1, Ex. 37). The state appellate court affirmed the dismissal. (Doc. 4-1, Ex. 40). Accordingly, this claim is also defaulted because Petitioner never appealed that court's decision to the Ohio Supreme Court.

Sub-claims two and three initially appeared in Petitioner's supplemental brief on direct

14

appeal. (Doc. 4-1, Ex. 25). However, these claims are defaulted because Petitioner failed to file a memorandum in support to the Ohio Supreme Court. To the extent these claims are raised in Petitioner's postconviction petition, they are defaulted because Petitioner never appealed the court of appeals decision to the Ohio Supreme Court.

In Ground Five, Petitioner alleges the trial court abused its discretion for not giving the defense funds to obtain an expert witness. (Doc. 1-1, at 14-16). This claim appeared in Petitioner's supplemental brief on direct appeal. (Doc. 4-1, Ex. 25). Again, this claim is defaulted because Petitioner failed to file a memorandum in support with the Ohio Supreme Court and his case was dismissed for failure to prosecute.

In Ground Six, Petitioner argues his appellate counsel was ineffective for not arguing the claims he raised in his supplemental brief on appeal. (Doc. 1, at 5). However, Petitioner failed to file an application for re-opening under Ohio App. R. 26(B) or present this claim to the Ohio Supreme Court in any manner. Therefore, this claim was defaulted. *Smith v. ODRC*, 463 F.3d 426, 432-35 (6th Cir. 2006) ("A claim of ineffective assistance of counsel must be presented to the state courts as an independent claim before it may be used to establish cause for procedural default.").

## CONCLUSION AND RECOMMENDATION

Following review, the undersigned recommends the Court find Petitioner's claims procedurally defaulted and his Petition be dismissed.

    s/James R. Knepp II
    United States Magistrate Judge

*ANY OBJECTIONS* to this Report and Recommendation must be filed with the Clerk of Court within

Case: 3:12-cv-01034-JRA Doc #: 12 Filed: 10/03/13 16 of 16. PageID #: 1159

fourteen days of service of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See U.S. v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).

16