UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TIMOTHY ALLEN JONES, | ) | CASE NO. 3:12CV1034 |
| Petitioner, | ) ) | JUDGE JOHN R. ADAMS |
| vs. | ) ) ) | **ORDER AND DECISION** |
| JASON BUNTING, Warden, | ) ) ) | |
| Respondent. | ) | |

This matter is before the Court on objections filed by Petitioner, Timothy Allen Jones, to the Magistrate Judge's Report and Recommendation ("R & R") filed on October 3, 2013. Doc. 12. For the following reasons, Petitioner's objections are OVERRULED. This Court ADOPTS the R & R of the Magistrate Judge (Doc. 14) and DISMISSES the petition for habeas corpus filed pursuant to 28 U.S.C. §2254.

The R & R adequately states the factual and procedural background in this case. Jones has demonstrated no error in that background, and as such, the Court will not reiterate that section herein.

I.     STANDARD OF REVIEW

If a party files written objections to a magistrate judge's report and recommendation a judge must perform a de novo review of "those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. §636 (b)(1).

1

**II.     LAW AND ANALYSIS**

It is undisputed that Jones failed to file an appeal with the Ohio Supreme Court. As a result, the Magistrate Judge found that Jones' petition was procedurally defaulted and recommended dismissal. The Court reviews Jones' objections to the R & R as follows:

**A.  Exhaustion and Procedural Default**

Federal courts have jurisdiction to entertain an application for a writ of habeas corpus brought by a person from a state court judgment if the person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C.A. §2254(a). Before the Court can review an application for a writ of habeas corpus on the merits, the applicant must complete certain procedural steps. See 28 U.S.C. § 2254(b). For example, an applicant must fully exhaust all remedies in state court. 28 U.S.C. §2254 (b)(1). The law specifically mandates:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
> (A) the applicant has exhausted the remedies available in the courts of the State…

28 U.S.C. §2254 (b)(1)(A).

For each claim, a petitioner "…must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Exhaustion requires that the applicant provide state courts the opportunity to act on his claims before bringing the claims to federal court in a writ for habeas corpus. *Id.* Exhaustion is complete when a petitioner presents all of his claims to the highest court where the petitioner was convicted because this action gives the state a full and fair opportunity to decide petitioner's claims. *Id.*

A federal court must dismiss a petition if it contains at least one claim that has yet to be exhausted in state court. *See Rose v. Lundy*, 455 U.S. 509, 519-520 (1982). However, the petition may go forward if there are "'rare cases where exceptional circumstances of peculiar urgency are shown to exist.'" *Granberry v. Greer*, 481 U.S. 129, 134 (1987) (quoting *Ex parte Hawk*, 321 U.S. 114 (1944)).

Next, procedural default may occur in two ways. First, procedural default may occur if the petitioner fails to comply with a state procedural rule, which then leads to a failure to exhaust all remedies. A federal court must conduct a four-step analysis when the state argues that a petitioner failed to observe a state procedural rule on a petition for habeas corpus:

1) The court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule;

2) The court must decide whether the state courts actually enforced the state procedural sanction;

3) The court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim; and

4) The petitioner must show that there was "cause" for him not to follow the rule and that he was prejudiced by the error.

*Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986).

This Court will not review claims that were not considered by the state courts from petitioner's failure to raise those claims or when petitioner fails to "comply with a state procedural rule that prevents the state courts from reaching the merits of the claims." *Smith v. Ohio Dept. of Rehab. & Corr.*, 463 F.3d 426, 430-31 (6th Cir. 2006) (citing *Lundgren v. Mitchell*, 440 F.3d 754, 763 (6th Cir. 2006)). Procedural default also occurs if the petitioner fails "'to raise a claim in state court, and pursue that claim through the state's ordinary appellate

3

review procedures.'" *Thompson v. Bell*. 580 F.3d 423, 437 (6th Cir. 2009) (quoting *Harris v. Reed*, 489 U.S. 255, 263) (internal citations and quotations omitted).

Here, Jones does not dispute that he failed to secure his appeal with the Ohio Supreme Court. Instead, his objections center on arguments for cause and prejudice, attempting to overcome the procedural default.

### B. Cause and Prejudice to Avoid a Procedural Default

#### 1. OBJECTION ONE: "Petitioner objects to the factual background relied upon by the Magistrate in his report and recommendation."

In his first objection, Jones argues that the Magistrate Judge was incorrect in accepting the factual findings of the state court. Specifically, Jones asserts that the interpretation of the video footage presented at trial was incorrect. He goes on to describe what he believes the video actually depicts. However, Jones' argument regarding the interpretation of the events in the video is of no legal relevance, since he failed to file a timely appeal with the Ohio Supreme Court and is now procedurally defaulted. Jones did not argue cause for the default in Objection One. Therefore, the Court finds that Jones is procedurally defaulted and overrules his first objection.

#### 2. OBJECTION TWO: "Petitioner objects to the document attached to the Magistrate's [R & R] marked Appendix 1."

In Objection Two, Jones points to a footnote in the R & R, which notes the lack of attachments referenced in Jones' habeas petition (i.e., "Exhibits 11-14"). Doc. 14 at 3. Inexplicably, Jones points to the footnote but then makes no further explanation of its relevance to the objections. Instead, he simply states that he did not receive a copy of the letter from the Ohio Supreme Court (included in the R & R as Appendix 1) <u>from the Respondent</u>. This argument seems unrelated to any issue at hand and is unintelligible considering the letter

4

appended to the R & R is addressed to Jones originally and he does not dispute having received it from the Ohio Supreme Court prior to the filing of his petition. As such, this argument has no relevance to any substantive issue here.

Jones then argues that he was not given sufficient time to cure the original failure to perfect his appeal with the Ohio Supreme Court. He does not deny that the court granted his motion for leave to file a delayed appeal and that he did not comply with the court's filing rules when he submitted his appeal. As such, the Ohio Supreme Court sent him a letter (Appendix 1), noting the deficiencies and allowing him additional time to cure the defects or face dismissal of his appeal. Doc. 12 at Appdx 1. Jones failed to timely correct the defects, and his appeal was dismissed.

Jones argues that he was not given sufficient time to cure the defects in his original filing and that this presents "cause" to excuse his procedural default. The Court disagrees.

Establishing cause requires the habeas petitioner to show that "some objective factor external to the defense" prevented the petitioner from complying with a state procedural rule. *Murray*, 477 U.S. at 488. Not having sufficient time to cure a default has no legal relevance. Instead, Jones had the opportunity to appeal to the Ohio Supreme Court. He failed to properly file that appeal because he did not comply with the court's written requirements. Ultimately, Jones did not meet his obligation to exhaust of all appeals.

The failure to establish cause eliminates the need for this Court to examine the element of prejudice. *Murray,* 477 U.S. at 478. Therefore, Petitioner's objection to the Magistrate Judge's R & R is OVERRULED.

> 3. **OBJECTION 3: "Petitioner objects to the Magistrate's failure to address clear violations of Petitioner's constitutional rights or Petitioner's claim that a failure to consider Petitioner's claim's[sic] would result in a fundamental miscarrage[sic] of justice."**

In Jones' final objection, he simply restates each ground outlined in his original petition. He presents no argument for cause to excuse the procedural default. Instead, he merely asserts blanket, conclusory statements that he is prejudiced by incarceration. Because Jones' petition is procedurally defaulted and he has offered no cause to excuse the default, this Court cannot address the merits of each ground in his petition. Consequently, the Court adopts the Magistrate Judge's report in its entirety and OVERRULES Jones' final objection.

## II. CONCLUSION

This Court finds no merit to the objections raised by Petitioner Timothy Allen Jones. Therefore, Jones' objections are OVERRRULED. The Court ADOPTS the Report and Recommendation of the Magistrate Judge. The Petition for Habeas Corpus is DISMISSED.

The Court certifies, pursuant to 28 U.S.C. §1915(A)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability.

IT IS SO ORDERED.

DATE: September 30, 2014          /s/ John R. Adams
                                  Judge John R. Adams
                                  UNITED STATES DISTRICT COURT